Vidal, Demandante y Apelado, *v.* Antique et al., Demandados y Apelantes.

Apelación procedente de la Corte de Distrito de Guayama en pleito sobre reivindicación de un crédito hipotecario y dejar sin efecto una escritura.

No. 2009.—Resuelto en julio 11, 1919.

Nulidad de Ratificaciones e Inscripciones—Incapacidad Mental del Otorgante—Consentimiento Nulo—Apreciación de Pruebas.—En el presente caso la corte inferior llegó a la conclusión de que en la fecha en que se otorgó la escritura de ratificación cuya nulidad se pide y con anterioridad a esa fecha Eleuterio Vidal se encontraba incapacitado mentalmente, no pudiendo por consiguiente dar su consentimiento a tal ratificación, y en su consecuencia declaró con lugar la demanda y nula la escritura de ratificación, así como su inscripción en el Registro de la Propiedad de Guayama, con costas, desembolsos y honorarios de abogado. *Se resolvió:* que estando sostenida dicha sentencia por la prueba, procede su confirmación por no haberse demostrado que la corte haya procedido en su apreciación, con pasión, prejuicio, parcialidad o un manifiesto error.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Francisco González.*

Abogado del apelado: *Sr. José C. Ramos.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

En septiembre de 1917 José Juan Vidal, defensor judicial de Eleuterio Vidal, declarado incapacitado por resolución de la Corte de Distrito de Guayama de 28 de mayo del año expresado, presentó demanda ante dicha corte contra Francisca Antique y sus menores hijos José y Francisco Perujo Antique, con súplica de que se dictara sentencia por la que fuera restituído Eleuterio Vidal en la propiedad o derechos reales que éste tenía allá por el día 11 de mayo de 1917 sobre cierto crédito hipotecario de que le hizo cesión Clodomiro Colón Ramos, y se declarara nula la escritura otorgada por Eleuterio Vidal en 11 de mayo de 1917 por la que aparecía ratificando otra escritura de 12 de marzo de 1901, y nula también la inscripción que produjo la misma en el registro de la propiedad.

A la anterior demanda se opusieron los demandados, negando los hechos fundamentales de la misma, y alegando defensa especial.

De la escritura de ratificación de 11 de mayo de 1917, cuya nulidad se interesa, y que fué traída al juicio como prueba, aparece que por escritura de 25 de enero de 1896 José Abdón Díaz y su esposa Eleuteria Larrauri constituyeron una hipoteca a favor de Clodomiro Colón Ramos sobre una finca rústica de 97 cuerdas para garantizarle el pago de un crédito de 1,200 pesos; que ese crédito fué cedido en 9 de octubre del año siguiente, 1897, por Clodomiro Colón Ramos a Eleuterio Vidal Colón, bajo condición de que éste pagaría el montante de su valor a José Perujo y Oliva, por cuenta del Colón, cuya condición no cumplió Eleuterio Vidal; y que por otra escritura de 12 de marzo de 1901 José Abdón Díaz y su esposa Eleuteria Larrauri cedieron y traspasaron a José Perujo y Oliva su derecho de propiedad sobre la finca hipotecada. Con tales antecedentes, Eleuterio Vidal por medio de la escritura de 11 de mayo de 1917 ratificó y aceptó

las escrituras a que se ha hecho referencia, debiendo retro-
traerse la ratificación a fecha oportuna a fin de que la es-
critura de 12 de marzo de 1901 pudiera ser inscrita en el
registro de la propiedad, renunciando a cualquier derecho
que pudiera asistirle.

Para obtener los pronunciamientos solicitados en la de-
manda, alega el defensor judicial de Eleuterio Vidal que desde
hacía algún tiempo y especialmente en y con anterioridad
al día 11 de mayo de 1917 y todavía, su defendido se en-
cuentra padeciendo de una enfermedad sifilítica de carácter
general que le ha traído a un estado de imbecilidad e idio-
tismo que lo incapacita de atender a negocios, con falta com-
pleta de memoria y de capacidad para distinguir un negocio
bueno de uno malo, y que de ese estado se aprovechó la
demandada Francisca Antique, para conseguir que Eleuterio
Vidal ratificara en beneficio de ella y de sus menores hijos
la escritura notarial de 12 de marzo de 1901, para que pu-
diera ser inscrita en el Registro de la Propiedad de Guaya-
ma la escritura ratificada.

Celebrado el juicio la corte llegó a la conclusión de que
en la fecha 11 de mayo de 1917 en que se otorgó la escritura
de ratificación y con anterioridad a esa fecha Eleuterio Vi-
dal se encontraba incapacitado mentalmente a consecuencia
de una enfermedad sifilítica que afectó su cerebro, no pu-
diendo por consiguiente dar su consentimiento a tal ratifi-
cación, y en su consecuencia por sentencia de 12 de septiem-
bre de 1918 declaró con lugar la demanda y nula la escri-
tura de ratificación, así como su inscripción en el Registro
de la Propiedad de Guayama, con costas, desembolsos y ho-
norarios de abogado.

Contra esa sentencia interpuso la representación de los
demandados recurso de apelación para ante esta Corte Su-
prema y alega como motivos del recurso que la corte come-
tió error al declarar que Eleuterio Vidal estaba incapacitado
al otorgar la escritura de ratificación de que se deja hecho

mérito, y que también cometió error al condenar a los demandados al pago de las costas, desembolsos y honorarios de abogado.

Hemos examinado la prueba aportada al juicio por ambas partes y mediante un examen detenido de la misma encontramos que la sentencia se sostiene por el resultado de la evidencia, sin que se nos haya demostrado que la corte de Guayama haya procedido en su apreciación, con pasión, prejuicio o parcialidad, o con manifiesto error.

En cuanto al pronunciamiento de costas, desembolsos y honorarios de abogado, tampoco aparece que la expresada corte abusara del poder discrecional que la ley le reconoce.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.